IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARC KARDELL,

    Plaintiff,

v.

LANE COUNTY, LIANE RICHARDSON, and ALEX GARDNER,

    Defendants.

_____

Case No. 6:13-cv-736-MC

ORDER

MCSHANE, Judge:

    After my order granting defendants' motions for summary judgment, defendants Liane Richardson and Lane County moved for an award of attorney's fees. Plaintiff Marc Kardell claimed defendants retaliated against him after he spoke out on various department practices and policies. Ultimately, I concluded Kardell failed to demonstrate he spoke as a private citizen on matters of public concern.

1 – OPINION AND ORDER

Unlike prevailing plaintiffs in civil rights cases, prevailing defendants in civil rights actions are not automatically awarded attorney's fees. In fact, prevailing defendants in civil rights cases are only entitled to attorney's fees in "exceptional circumstances," and only when a plaintiff's claims are "frivolous, unreasonable or groundless." *Harris v. Maricopa Co. Superior Court*, 631 F.3d 963, 971 (9th Cir. 2011) (internal citations omitted). Good public policy reasons justify the different burdens for fees. Most significantly, awarding attorney's as a matter of course to prevailing defendants in civil rights actions would greatly increase the risk to plaintiffs bringing such cases, thereby frustrating Congress's efforts promoting the "vigorous enforcement" of such statutes. *Hughes v. Rowe*, 449 U.S. 5, 14 (1980) (per curiam) (quoting *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 422 (1978)).

Although I concluded Kardell failed to establish a genuine issue of material fact that he spoke as a private citizen on matters of public concern, his claims were neither frivolous nor groundless. Whether speech concerns a matter of public concern is "purely a question of law," *Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009), and the law in this area is one of emerging jurisprudence, a fact most recently highlighted last year by the Supreme Court, *Lane v. Franks*, 134 S. Ct. 2369, 2376-83. As I stated at oral argument, this case presented fairly close questions. Complicating matters in this case is the fact that Liane Richardson was ultimately terminated for cause by the Lane County Board of Commissioners. Richardson's termination, and other events involving both the Board and Kardell's own department, were certainly newsworthy (as evidenced by numerous newspaper articles Kardell submitted in opposition to summary judgment).

Kardell ultimately identified specific speech in support of his claims. Kardell did not rely merely on newspaper articles or the public interest surrounding Richardson's management of

2 – OPINION AND ORDER

Lane County during the time in question. Kardell's arguments that his speech did not relate to mere interoffice personnel disputes, and did not occur as part of his normal job duties were not frivolous. That defendants prevailed at summary judgment does not automatically render Kardell's arguments frivolous. *Vernon v. City of Los Angeles*, 27 F.3d 1385, 1402 (9th Cir. 1994).

      Defendants' motion for fees (ECF No. 85) is DENIED. Plaintiff's motion for fees incurred in drafting the surreply is DENIED.

IT IS SO ORDERED.

      DATED this 13th day of January, 2015.

                                                  /s/ Michael J. McShane
                                                    Michael McShane
                                        United States District Judge