IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MARC KARDELL,

    Plaintiff,

v.

LANE COUNTY, LIANE RICHARDSON,
and ALEX GARDNER,

    Defendants.

Case No. 6:13-cv-736-MC

OPINION AND ORDER

_____

MCSHANE, Judge:

Plaintiff Marc Kardell brings this First Amendment action against his former employer Lane County, Lane County Administrator Liane Richardson, and County Counsel Alex Gardner. The Ninth Circuit previously reversed in part my opinion granting defendants' motions for summary judgment. On remand, defendants again move for summary judgment. Because the Ninth Circuit found that Kardell presented enough evidence that, when viewed in the light most favorable to him, suggests he was retaliated against following a complaint to Human Resources (HR) about Richardson's misuse of county resources, the motion is DENIED.

**STANDARDS**

The court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). An issue is "genuine" if a reasonable jury could return a verdict in favor of the non-moving party. *Rivera v. Phillip Morris, Inc.*, 395 F.3d 1142, 1146 (9th Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is "material" if it could affect the outcome of the case. *Id.* The court reviews evidence and draws inferences in the light most favorable to the non-moving party. *Miller v. Glenn Miller Prods., Inc.*, 454 F.3d 975, 988 (9th Cir. 2006) (quoting *Hunt v. Cromartie*, 526 U.S. 541, 552 (1999)). When the moving party has met its burden, the non-moving party must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (quoting Fed. R. Civ. P. 56(e)).

**DISCUSSION**

Kardell alleges he suffered retaliation after exercising his First Amendment rights. Kardell must establish three elements: (1) that he spoke on a matter of public concern; (2) that he spoke as a private citizen and not as a public employee; and (3) that his protected speech was a substantial or motivating factor in the defendant's adverse employment actions. *Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009).

Speech is "a matter of public concern when it can fairly be considered to relate to 'any matter of political, social, or other concern to the community.'" *Johnson v. Multnomah Cnty.*, 48 F.3d 420, 422 (9th Cir. 1995) (quoting *Connick v. Myers*, 461 U.S. 138, 146 (1983)). Speech alleging that public officials are not discharging government responsibilities, or are engaged in wrongdoing or breaches of the public trust qualifies as a matter of public concern. *Connick*, 461

2 – OPINION AND ORDER

U.S. at 148. Speech is not of public concern when it addresses "individual personnel disputes and grievances." *Coszalter v. City of Salem*, 320 F.3d 968, 973 (9th Cir. 2003) (citation omitted).

The Ninth Circuit found that Kardell's declaration was sufficient to establish that he spoke on a matter of public concern when he states that he went to HR to voice his belief that Richardson "was spending money to conduct outside investigations of meritless allegations."[1] The defense argues that Kardell's concern was not truly public in nature, but rather focused on whether he himself was under investigation and why he had been passed over for a promotion. Kardell's counsel confirmed at oral argument that he did not seek to recover for any speech about his own alleged investigation.[2] Although Kardell's declaration is enough to survive summary judgment, the court may revisit this issue based on the testimony at trial. *See Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009) (whether speech is truly a matter of public concern "is purely a question of law.").

Turning to the other *Eng* factors, the defense argues that Kardell spoke as a private citizen rather than a public employee and that Kardell's comments to HR were not a substantial or motivating factor that led to an adverse employment action. *Eng v. Cooley*, 552 F.3d 1062, 1070 (9th Cir. 2009).

Kardell argues the Ninth Circuit implicitly concluded he spoke as a private citizen. This argument is meritless. Although I previously concluded "Kardell wrote the email not as a concerned citizen, but in his role as a public employee," the Ninth Circuit affirmed my

---

[1] It is somewhat puzzling to think that Kardell could blow the whistle on Richardson's baseless investigations when Kardell's conversation with HR occurred after the publication of newspaper articles revealing Richardson's actions. That cat was already out of the bag. And while Kardell states he wanted an investigation in order to bring Richardson's conduct to light before the County Commissioners, the commissioners (and the general public) were clearly well aware of Richardson's investigations when Kardell spoke to HR. Several commissioners had already been quoted in the newspaper and one had already demanded an apology from Richardson.

[2] Ironically, Kardell's requested outside investigation into his own alleged investigation would have resulted in a waste of county funds, as Kardell was not under investigation.

3 – OPINION AND ORDER

conclusion that Kardell's April 2012 email was not a matter of public concern. Additionally, the Ninth Circuit explicitly stated that on remand, this court could evaluate the additional *Eng* factors as well as the application of qualified immunity.

"Statements are made in the speaker's capacity as citizen if the speaker had no official duty to make the questioned statements, or if the speech was not the product of performing the tasks the employee was paid to perform." *Eng*, 552 F.3d at 1071 (internal quotations omitted). Kardell states HR was not in his chain of command and he knew of no duty he had to raise issues regarding Richardson's investigations with HR. Kardell Decl. ¶ 68. If in fact Kardell spoke to HR about his concerns that Richardson was "spending money to conduct outside investigations of meritless allegations," Kardell spoke as a citizen and not a public employee. As with the other elements and qualified immunity, much depends on what Kardell actually said to HR and what, if anything, HR relayed to others about Kardell's complaints. While legitimate complaints about waste or mismanagement of funds could arise from a public employee's role as a concerned citizen, complaints to HR about one's own performance or being passed over for a promotion would arise solely from one's role as a public employee. At this stage, Kardell's declaration nudges the scale ever-so-slightly to the side of a concerned citizen.

Kardell must next establish that his speech to HR was a substantial or motivating factor in any adverse employment decision. *Eng*. 552 F.3d at 1070. Considering the hurdle Kardell faces here, the parties spent little ink briefing this issue. Gardner's motion simply refers the court to his original motion. But that motion dealt exclusively with Kardell's April email to the board. Despite little evidence that HR ever relayed any of Kardell's complaints to anyone, I conclude defendants failed to meet their burden on this element.

Defendants argue that the decision to lay Kardell off was made because of office reorganization decisions related to a coming budget deficit. There is strong evidence supporting this theory. Kardell, however, presents evidence that Richardson's own office grew, in number of employees and in available funds, the year after Kardell was laid off.

Kardell's theory appears to be that HR informed Richardson of Kardell's complaints. In retaliation, Richardson had Gardner reorganize the office to get rid of Kardell. One assumes Gardner went along with this scheme simply to keep a powerful ally happy. Although this appears a stretch, there is just enough for Kardell to avoid summary judgment. In reading the emails from the relevant time period, it appears Richardson, Gardner, and Dingle were growing ever more tired of Kardell's ability to work with others and to follow instructions. Kardell's email to the board seemed to be the last straw. In that email, Kardell publicly criticized not only his boss's decision on a staffing issue, but challenged Gardner's general knowledge of land use issues faced by the county. But defendants do not argue the email led to Kardell's layoff. And although defendants note that many county agencies refused to work with Kardell, Richardson herself informed Gardner not to allow Kardell to work for those agencies. Under Kardell's theory, Richardson purposefully diminished Kardell's usefulness as retaliation for Kardell's comments to HR, as opposed to any legitimate performance issues. Kardell's case is strengthened by the fact that his comments to HR, followed by Richardson's edict that Kardell not work with numerous agencies, followed by Gardner's office reorganization, all occurred in a four month period. This theory, viewed in the light most favorable to Kardell, could result in a

jury finding his comments to HR were a substantial or motivating factor in the decision to lay Kardell off.[3]

Richardson and Gardner argue they are entitled to qualified immunity. The evidence strongly points to the fact that Richardson and Gardner were primarily aware of Kardell's request to find out whether he himself was under investigation. After all, the newspaper articles published before Kardell spoke with HR adequately informed Richardson and Gardner, along with the public at large, of Richardson's baseless investigations. In an email Kardell drafted at the time, he informed his supervisor that "I believed much of what I had to say [to HR] was very similar to what had been discussed in that article." Kardell Decl. at Exhibit WW; ECF No. 69-9. As what Kardell said to HR was already public knowledge, his theory of a scheme to silence him loses some of its steam. Once again, I am bound by the Ninth Circuit's conclusion that at this stage, Kardell has established that he complained to HR that Richardson was "spending money to conduct outside allegations of meritless investigations." Because any county supervisor would realize that retaliating against an employee for raising complaints about a supervisor's waste of county funds would violate the employee's first amendment rights, Gardner and Richardson are not entitled to qualified immunity. Depending on the testimony at trial, Gardner and Richardson may raise this issue after Kardell presents his case in chief.

---

[3] In reviewing the record, a more realistic theory is that Richardson and Kardell simply butted heads. Kardell clearly felt he had been unfairly passed over for a promotion based on Richardson's comments to the board. But this occurred well before Kardell spoke to HR. Being let go for personal reasons, or as part of a legitimate office reorganization, is not a violation of an employee's first amendment rights.

6 – OPINION AND ORDER

## CONCLUSION

Defendants' motions for summary judgment are DENIED. The parties shall confer and contact Charlene Pew, my courtroom deputy, regarding a trial date for later this year.

IT IS SO ORDERED.

DATED this 4th day of June, 2018.

/s/ Michael J. McShane
Michael McShane
United States District Judge